MR. JUSTICE WEBER,
specially concurring:
I concur in the granting of a new trial. However, I dissent to the portion of the majority opinion which affirms the District Court’s granting of a directed verdict on the partnership issue.
Both parties in this action moved for a directed verdict, asking the court to determine as a matter of law whether a partnership existed. The lower court granted Ms. Lightfield’s motion, determining as a matter of law, that no partnership existed. This Court has examined the facts and affirmed this holding.
The standard for granting a directed verdict is well-settled and was recently reiterated in Britton v. Farmers Ins. Group (1986), [221 Mont. 67,] 721 P.2d 303, 317, 43 St.Rep. 641, 656, as follows:
“A motion for directed verdict is properly granted only in the complete absence of any evidence to warrant submission to the jury, and all inferences of fact must be considered in the light most favorable to the opposing party. Jacques v. Montana National Guard (1982), 199 Mont. 493, 649 P.2d 1319; if the evidence viewed in a light most favorable to plaintiff indicates reasonable men could differ as to the conclusions drawn from the evidence a directed verdict is not proper. Weber v. Blue Cross of Montana (1982), 196 Mont. 454, 643 P.2d 198.”
In the present case the majority opinion states facts sufficient to demonstrate that reasonable men might differ as to whether a partnership existed. This was properly a jury issue. The District Court analyzed and weighed the evidence. This is inappropriate on a motion for a directed verdict, even when both parties have requested a directed verdict. Borgmann v. Diehl (1970), 155 Mont. 458, 462-63, 473 P.2d 529, 531.
The majority opinion, in affirming the directed verdict, has also-engaged in weighing the evidence. While it is possible that a jury would conclude that no partnership existed, it is not our function to make that determination where reasonable men could reach a different conclusion. An inappropriate standard has been used both by the District Court, and by this Court on appeal. I would vacate the directed verdict and remand for a jury trial on the partnership issue also.